# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| VIKKI LYN HEBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:24-cv-00014-ACL |
| | ) |
| CENTURION, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on review of Plaintiff Vikki Lyn Hebert's Application to Proceed in District Court without Prepaying Fees or Costs. (ECF No. 2). Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Nevertheless, the Court will dismiss this action without prejudice for the reasons discussed below.

### Initial Partial Filing Fee

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis must pay the full amount of the filing fee. If the prisoner has insufficient funds in her prison account to pay the entire fee, the Court will assess an initial partial filing fee equal to the greater of either: (1) 20 percent of the average monthly deposits in the prisoner's account for the six months immediately preceding the filing of the lawsuit, or (2) 20 percent of the average monthly balance in the prisoner's account over the same six-month period. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each

time the amount in the prisoner's account exceeds $10, until the prisoner has paid the fee in full. *Id*.

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. §1915(a)(2). Even so, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of her inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If Plaintiff is unable to pay the initial partial filing fee, she must submit a copy of her inmate account statement to support that assertion.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Amended Complaint**

Plaintiff is incarcerated at the Women's Eastern Reception Diagnostic Correctional Center ("WERDCC") in Vandalia, Missouri. She brings this action under 42 U.S.C. § 1983 against Centurion and WERDCC. The matter stems from the alleged mistreatment of Plaintiff's lung condition. The following facts are based on the allegations in the Complaint and are presented for the purposes of this opinion only. The Court does not make any factual findings at this stage of the proceedings.

In October 2023, Plaintiff developed a bad cough and began experiencing pain in her chest. She visited "sick call" twice but was told "there was nothing they could do." When Plaintiff asked to see the doctor, medical staff said she was on the schedule and sent her back to her housing unit. Two and a half months later, she could hardly breath or walk. As a result, Plaintiff "self-declared" to try to get a wheelchair. Medical staff told her she would need to speak with Dr. Jones or Mary Miller to receive a wheelchair. On her way back from the medical unit, another inmate noticed she was struggling to walk and brought her a wheelchair. The next night, Officer Hamilton "took

3

[Plaintiff] to the hole when [she] got upset because he was screaming at [her] for using the wheelchair." Plaintiff remained in segregation for six or seven days. During that time, staff refused to give her an inhaler outside of the twice-daily "med pass." At some point while in segregation, Plaintiff "couldn't get enough air" and "kept pushing the [call] button until [staff] came." Plaintiff then received two x-rays. "The first didn't show anything and the second showed just a little bit." Mrs. Miller ordered a CT scan, but it was not approved. Plaintiff was eventually taken to the hospital where she remained for approximately six weeks. At the hospital, staff "cut [her] open and put tubes in [her] back." She was unable to speak to her family for two months. Plaintiff states that she has asthma and COPD but does not indicate whether these conditions preceded the events alleged in the Complaint. She appears to seek compensation for "medical malpractice" and "improper medical care."

## Discussion

Liberally construed, the Complaint can be understood to assert a claim of deliberate indifference to a serious medical need in violation of the Eighth Amendment.[1] For the reasons discussed below, the Court will dismiss this action without prejudice.

1. **Centurion**

Centurion is a private corporation tasked with providing medical care for inmates in the Missouri prison system. *See Zeigenbein v. Raines*, No. 2:23-cv-38-RHH, 2023 WL 7002636, at *7 (E.D. Mo. Oct. 24, 2023). A private entity acting under color of state law may be liable under § 1983 for harms caused by its own unconstitutional customs or policies. *Stearns v. Inmate Servs.*

---

[1] Plaintiff states in her Complaint that she is suing for medical malpractice. Medical malpractice is not actionable under the Eighth Amendment. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008). Further, "[n]egligent misdiagnosis does not create a cognizable claim under § 1983." *McRaven v. Sanders*, 577 F.3d 974, 982 (8th Cir. 2009).

4

*Corp.*, 957 F.3d 902, 906 (8th Cir. 2020). To support such a claim, a plaintiff "must show that there was a policy, custom, or official act that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts an injury actionable under § 1983"). "A corporation acting under color of state law cannot be held liable on a respondeat superior theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007).

Plaintiff makes no allegations regarding Centurion's polices or customs. Instead, Plaintiff broadly asserts that medical staff should have taken her complaints more seriously. There is no indication in the Amended Complaint that any policy, custom, or official act caused the allegedly insufficient care. Further, Centurion cannot be held liable for the misconduct of its employees. *See Smith*, 499 F.3d at 880. Thus, the Court finds that Plaintiff has failed to state a plausible claim for relief against Centurion.

  2.  **WRDCC**

"Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). A claim against a state institution like WRDCC is treated like a claim against the state itself. Neither WRDCC nor the State of Missouri are persons under § 1983. *See Will*, 491 U.S. at 71. Thus, the Court finds that Plaintiff has failed to state a plausible claim for relief against WRDCC.

Even if WRDCC were a "person" for the purposes of § 1983, it would still be entitled to sovereign immunity. Absent a waiver, the Eleventh Amendment protects the state and its arms or

5

instrumentalities from suit in federal court. *Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018). This immunity bars any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing plaintiff to proceed against state university for injunctive relief). While there are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment, neither exception applies in this case. *See Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). The first exception arises where Congress has statutorily abrogated sovereign immunity by clear and unmistakable evidence. *Id.* The second arises when a state waives its immunity to suit in federal court. *Id.* at 65. As to the first exception, the Supreme Court has determined that § 1983 does not waive a state's immunity under the Eleventh Amendment. *See Will*, 491 U.S. at 66 ("We cannot conclude that § 1983 was intended to disregard the well-established immunity of a State from being sued without its consent."). As to the second, there is no indication that the State of Missouri has waived its sovereign immunity in this type of case. *See* Mo. Rev. Stat. § 537.600.[2]

**Conclusion**

For the foregoing reasons, the Court will dismiss this action without prejudice under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 2) is **GRANTED**. Plaintiff shall pay an initial partial filing fee

---

[2] Plaintiff did not name any individual defendants in her Complaint and there is no indication that she intended to do so. In the caption of the Complaint, Plaintiff lists only Centurion and WERDCC. Under the "Defendants" section of the complaint form, Plaintiff does not list any defendants. In an attachment to her Complaint, Plaintiff writes: "I believe this claim goes against both WERDCC Vandalia's womens [sic] prison and Centurion Medical and so I left the spaces blank where it asks for the defendants [sic] name not knowing if I should list them both or not."

of $1.00 **within thirty (30) days** of the date of this Order. Plaintiff shall make her remittance payable to "Clerk, United States District Court," and shall include upon it: (1) her name; (2) her prison registration number; (3) the case number; and (4) a statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (ECF No. 3) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2). A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this  27 th  day of  August, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE